**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0030 |
| ) | |
| **CARLOS ADRIAN VERDUGO-CASTRO,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Carlos Adrian Verdugo-Castro's (Verdugo-Castro) Unopposed Motion to Continue Trial Date. (ECF No. 18). For the reasons stated herein, the Court will continue the trial in this matter until March 3, 2025. The Court finds that the time beginning from the date of this Order through March 3, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

On October 28, 2024, the Government filed a Criminal Complaint charging Verdugo-Castro with Re-Entry After Deportation, in violation of 8 U.S.C. § 1326(a). On November 27, 2024, the Government filed an Information charging Verdugo-Castro with Count One, Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a). Verdugo-Castro was arraigned on December 11, 2024.

Verdugo-Castro seeks a 60-day continuance of the current trial date, January 13, 2025, because the Government provided discovery on December 19, 2024, and he needs additional time to review discovery and discuss his case with his counsel, including any potential pretrial motions, engage in plea negotiations and prepare for trial.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*United States v. Verdugo-Castro*
Case No. 3:24-cr-0030
Order
Page **2** of **3**

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted," including "to permit plea negotiations to continue." *United States v. Fields*, 39 F.3d 439, 444-45 (3d Cir. 1994). In determining whether to grant a continuance, courts must consider whether the failure to grant it "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow sufficient time for Verdugo-Castro to review discovery and discuss his case with his counsel, including any potential pretrial motions, engage in plea negotiations and prepare for trial The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 3, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Verdugo-Castro's Unopposed Motion to Continue Trial Date, ECF No. 18, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than February 21, 2025; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 21, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

*United States v. Verdugo-Castro*
Case No. 3:24-cr-0030
Order
Page **3** of **3**

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 26, 2025;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for January 13, 2025, are **CONTINUED** to commence promptly at 9:00 A.M. on March 3, 2025, in St. Thomas Courtroom 1.

**Dated:** January 2, 2025                 */s/ Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.